### R. C. BITTLE v. STATE.

No. A-166.   Opinion Filed May 28, 1910.

(109 Pac. 1113.)

*Appeal from Washita County Court; L. R. Shean, Judge.*

R. C. Bittle was convicted of a violation of the prohibition law, and appeals. Reversed.

*Knott & Jones,* for plaintiff in error.
*Fred S. Caldwell,* for the State.

PER CURIAM. The plaintiff in error was convicted in the county court of Washita county upon an information the charging part of which is as follows: "Did then and there wilfully and unlawfully give away and otherwise furnish intoxicating liquor, to wit, whiskey, to others, to wit, to one Mrs. Andrew Davis." Second count: "And said Bittle did on said date convey intoxicating liquors from one place in the state to another, same not being a lawful purchase." To which information a demurrer was filed, alleging, among the other grounds, that the information is bad for duplicity, in that more than one offense is sought to be charged therein. Upon a trial had, the jury returned a verdict, which reads as follows: "We, the jury duly impaneled and sworn to try the

issues. in the above-entitled cause, do upon our oaths find the defendant guilty." On May 9, 1908, judgment was entered, and defendant was sentenced to pay a fine of $100 and to be confined in the county jail for a period of 60 days, from which judgment and sentence an appeal was taken by filing in this court on May 7, 1909, a petition in error with case-made attached. Upon the authority of *Sturgis v. State,* 2 Okla. Cr. 362, 102 Pac. 57, and *De Graff v. State,* 2 Okla. Cr. 519, 103 Pac. 558, the objection of plaintiff in error was well taken, and the demurrer should have been sustained. In *Sturgis v. State, supra,* Presiding Judge Furman, after reviewing the authorities, used this language:

"As we approve the reasoning of the cases above quoted, we will not pursue this question further than to state that selling intoxicating liquor and shipping or conveying such liquor from one place in the state to another place in the state cannot be joined in the same information or indictment. They constitute distinct offenses, based upon separate transactions or acts. The trial court, therefore, erred in not sustaining the objection to the indictment upon the ground of duplicity."

The verdict rendered is a general verdict of guilty, not specifying whether the defendant is guilty of the offense charged in the first or second count of the information, or both, and is not sufficiently certain to enable the court to pronounce judgment upon it according to the right of the cause. Where an information contains more than one count, it should clearly show on its face that the matter set forth in the different counts is descriptive of one and the same offense. The judgment of the county court. is therefore reversed, and the cause remanded, with direction to sustain the. demurrer.